UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-61(01) RM |
| | ) | |
| DONALD L. VACENDAK | ) | |

OPINION and ORDER

Donald Vacendak has filed a *pro se* Motion for Correction of Sentence, in which he asks the court to recalculate his release date. The court cannot grant the relief Mr. Vacendak seeks. "Requests for sentence credit, or for recalculation of time yet to serve, . . . must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 1441, or perhaps a suit under the Administrative Procedures Act (to the extent 18 U.S.C. § 3625 permits)." Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000).

Mr. Vacendak has also filed a Motion for Downward Departure, in which he asks the court to order the Bureau of Prisons to provide certain information about his diabetic condition and medical treatment, compare that information to his medical charts from the St. Joseph County Jail, and then order the Bureau of Prisons to transfer him to a medical facility for proper treatment. While the court is sympathetic to Mr. Vacendak's desire to keep his diabetic condition under control, any claims he may have relating to his medical care or the conditions of his confinement must be pursued through the Bureau of Prison's administrative

remedies and thereafter, if necessary, under the Federal Tort Claims Act, *see* 28 U.S.C. § 1346(b)(1), or in an action filed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Based on the foregoing, the court DENIES Mr. Vacendak's motion for correction of sentence [docket # 81] and motion for downward departure [docket # 82].

SO ORDERED.

ENTERED:   January 7, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: D. Vacendak